

**County Clerk Case Record Details**

**Case Details**

Case Number: **20000835CAA** / UCN #: **202020CA000835AXXXXX**
Case Type: **CIRCUIT CIVIL**
Case Status: **OPEN**
Filing Date: **11/24/2020**
Disposition Date:
File Action: **DISCRIMINATION EMPLOY/OTHER**

**Case Personnel**

Defendant: **PONDSCO FACILITY SERVICES LLC FKA XENOCOM FACILITY**
Plaintiff: **CASEY FRAZIER**
Judge: **DAVID FRANK**
Pros. Attorney: **MARIE A. MATTOX**
Defense Attorney:

**Related Persons**

**Court Events**

**Dockets**

1. 12/17/2020 - RETURN OF SERVICE OF PONDSCO FACILITY SERVICES FKA XENOCOM FACILITY MANAGEMENT ON 11/30/2020 [View 1 page document]
2. 11/25/2020 - PAYMENT ACCEPTED FOR TRANSACTION 202008424 [View 1 page document]
3. 11/25/2020 - SUMMONS ISSUED AND EMAILED TO MARIE@MATTOXLAW.COM AND MARLENE@MATTOXLAW.COM [View 1 page document]
4. 11/25/2020 - PLAINTIFF ATTORNEY ASSIGNED: MARIE A. MATTOX
5. 11/24/2020 - SUMMONS TO BE ISSUED BY CLERK [View 1 page document]
6. 11/24/2020 - COMPLAINT [View 10 page document]
7. 11/24/2020 - CIVIL COVER SHEET [View 3 page document]

Exhibit 1

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

    **I.    CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>SECOND</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>GADSDEN</u>   COUNTY, FLORIDA

<u>CASEY FRAZIER</u>
Plaintiff

Case # _____

Judge  _____

vs.

<u>PONDSCO FACILITY SERVICES LLC fka XENOCOM FACILITY</u>
Defendant

    **II.    AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

- ☐ $8,000 or less
- ☐ $8,001 - $30,000
- ☐ $30,001- $50,000
- ☐ $50,001- $75,000
- ☐ $75,001 - $100,000
- ☒ over $100,000.00

    **III.    TYPE OF CASE**    (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☒ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☒ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation


**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV. REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V. NUMBER OF CAUSES OF ACTION:** [ ]
(Specify)

  1

**VI. IS THIS CASE A CLASS ACTION LAWSUIT?**
☐ yes
☒ no

**VII. HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ no
☐ yes If "yes," list all related cases by name, case number, and court.

**VIII. IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ yes
☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Marie A Mattox      Fla. Bar # 739685
         Attorney or party                       (Bar # if attorney)

Marie A Mattox                      11/24/2020
(type or print name)                 Date

IN THE CIRCUIT COURT OF THE
FIRST JUDICIAL CIRCUIT, IN AND
FOR GADSDEN COUNTY, FLORIDA

**CASEY FRAZIER,**  CASE NO.: 20-CA-
FLA BAR NO.: 0739685

    **Plaintiff,**

v.

**PONDSCO FACILITY SERVICES, LLC. f/k/a**
**XENOCOM FACILITY MANAGEMENT, LLC.,**

    **Defendant.**

_____/

## COMPLAINT

Plaintiff, CASEY FRAZIER, hereby sues Defendant, PONDSCO FACILITY SERVICES, LLC. f/k/a XENOCOM FACILITY MANAGEMENT, LLC., and alleges:

### NATURE OF THE ACTION

1. This is an action brought under the Florida Civil Rights Act, codified at Chapter 760, Florida Statutes and under Chapter 448, Florida Statutes

2. This action involves claims which are, individually, in excess of Thirty Thousand Dollars ($30,000.00), exclusive of costs and interest.

### THE PARTIES

3. At all times pertinent hereto, Plaintiff, CASEY FRAZIER, has been a resident of the State of Florida and was employed by Defendant. Plaintiff is a member of a protected class due to his race (Black) and is a protected whistleblower due to his objecting to and/or refusing to participate in practices of Defendant that were in actual or suspected violation of one or more laws, rules or regulations. Plaintiff was retaliated against after reporting Defendant's practices.

4. At all times pertinent hereto, Defendant, PONDSCO FACILITY SERVICES, LLC. f/k/a XENOCOM FACILITY MANAGEMENT, LLC., ("XENOCOM") has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims.

## CONDITIONS PRECEDENT

5. Plaintiff has satisfied all conditions precedent to bringing this action in that Plaintiff filed a charge of discrimination with the Florida Commission on Human Relations and Equal Employment Opportunity Commission. This action is timely filed thereafter.

## STATEMENT OF THE ULTIMATE FACTS

6. Plaintiff, a Black male and protected whistleblower, began his employment with Defendant on or about July 25, 2017 and held the position of Daytime Housekeeping Supervisor at the time of his wrongful termination on November 26, 2018.

7. For the entirety of Plaintiff's employment, Defendant operated under the XENOCOM name out of Governor's Square Mall, Defendant's client.

8. Plaintiff had an outstanding work ethic and was quickly promoted to Supervisor and filled in as an Acting Account Manager occasionally at Defendant's request. Defendant never complained to Plaintiff about his performance and he was never given a warning or reprimand.

9. Despite his stellar work performance during his employment with Defendant, Plaintiff has been subjected to disparate treatment, different terms and conditions of employment, and was held to a different standard because of his race (Black). Further, because he reported Defendant's unlawful employment activities, he was subject to retaliation thereafter.

10. The disparate treatment and retaliation came at the hands of specifically but not limited to Account Manager Jondrain "Jon" Rice, a white male, HR Manager Stephanie Martinez, a Hispanic female, and other complicit upper management.

11. Plaintiff and other African American workers were treated less favorably than white workers by white management throughout their employment. This included but is not limited to a severe lack of training and support for Black workers, especially those trying to advance in the workplace. Plaintiff's former co-workers have experienced this pattern and practice of racial discrimination in the workplace

12. For example, Plaintiff was denied a position he was promised. Specifically, after Defendant's previous Account Manager Frank l/n/u left, Defendant's representatives Ricardo l/n/u and Leroy l/n/u asked Plaintiff to fill in as Acting Account Manager and represented that he would be trained to be an Account Manager.

13. Defendant never expected Plaintiff to fill the role and set him up to fail in this position by giving him no training whatsoever.

14. Defendant demoted Plaintiff after only fifteen (15) days and hired Account Manager Rice, a white male instead and provided him the training Defendant refused to provide Plaintiff. When Plaintiff spoke with Leroy about the switch, Leroy told Plaintiff that mall management thought Plaintiff dressed "too urban," for the role. This is clearly a reference to Plaintiff's race as a motivating factor for demoting Plaintiff.

15. The pattern intensified after Rice took over, Plaintiff tried to work with Rice after he was given Plaintiff's position, but Rice had it in for Plaintiff and the other Black workers. For example, on October 10, 2018, Rice told Plaintiff that instead of uniforms, Rice was going to get

3

Plaintiff and the other black workers "croaker sacks" or burlap sacks. Rice continued to make these comments and told Plaintiff that he would "feed [him] to the wolves."

16. Defendant, through white managers, also targeted Plaintiff for frivolous or false write-ups. Specifically, and without limitation, Defendant's staff had issues with how to properly dilute a new glass cleaning chemical Defendant switched to, and despite the fact Manager Rice had never shown Plaintiff how to properly use the new chemical, he complained that Plaintiff had not trained his staff on proper usage. How was he supposed to train his staff if he was never properly trained?

17. On November 3, 2018, Manager Rice came to Plaintiff, ironically claiming that he failed to train his staff on how to use the new chemical. Plaintiff objected that Manager Rice, as Plaintiff's direct supervisor, needed to demonstrate how to properly dilute the chemical first, before Plaintiff could properly train his staff.

18. As Plaintiff's employer, it had the obligation to provide the training on the proper usage of this chemical to prevent injury to workers. This obligation included but was not limited to explaining the safety risks, providing Personal Protective Equipment (PPE), training employees on how to use the chemicals including proper dilution techniques where necessary. Plaintiff also pointed out that Defendant's own handbook section 15(E) entitled SAFETY required this training.

19. Defendant's failure to train Plaintiff on proper dilution techniques, and encouraging him to go out and train others, would have created more of a significant safety risk than already existed after Defendant's initial failure to train the employees when it first introduced the new chemical and violated several OSHA regulations. Plaintiff therefore objected and asked to be shown the proper dilution technique so that he could properly train his subordinates.

4

20. Manager Rice, angered by Plaintiff's response, stuck his finger in Plaintiff's face and yelled at him in front of other employees "You people (referring to Black people) aren't good for anything other than mopping floors...now get back to work and mop my floors before I have you gone."

21. Another employee had to intervene and tell Manager Rice to calm down.

22. Later, to justify Plaintiff's termination, Defendant falsely claimed that Manager Rice "began to document" Plaintiff's performance issues on November 3, 2018. However, Defendant's disciplinary warning based on concocted facts was not documented until November 6, 2018 and worse, it was never shown to, nor is it signed by Plaintiff. Plus, the warning is not a valid recount of the events that occurred on November 3, 2018 as it omits Rice's racist rant. This document is but an after the fact fabrication to smear Plaintiff.

23. Plaintiff contacted Corporate HR over this issue and complained about the racist pattern of behavior by Rice. Plaintiff submitted a list of racist incidents involving Rice, a statement addressed to "Xenocom Facility Management" outlining his version of the November 3rd incident, and he provided witnesses, who Defendant refused to interview. Ultimately, Defendant made no investigation into Plaintiff's complaints, assumed they were false, instructed him to listen to his manager, and ratified Rice's behavior.

24. Plaintiff never failed to communicate after his complaint, rather Rice became irritated after learning about Plaintiff's complaint and started avoiding him. For example, Rice no longer communicated with Plaintiff over the walkie talkie, Plaintiff would see Rice talking to a group of employees and Rice would walk off, making it impossible for Plaintiff to communicate with him and ostracizing Plaintiff because of his reports of race discrimination.

25. Plaintiff was being singled out and punished for reporting safety violations and racial discrimination in the workplace.

26. Plaintiff started texting Rice about work related tasks and issues because that was the only way Rice would communicate with Plaintiff after his complaint was filed.

27. Within weeks of the complaint of race discrimination, Defendant wrongfully terminated Plaintiff on November 26, 2018 without providing any legitimate reason and refused to show him any termination paperwork. Plaintiff was actually fired because of his race and/or because he reported race discrimination and/or because he reported Defendant's violation of one or more laws rules or regulations.

28. Defendant manufactured a termination letter after the fact which it never presented to Plaintiff and which he never signed and was never given an opportunity to rebut. Defendant also failed to provide Plaintiff with any valid form of progressive discipline and unlawfully terminated him for his race, reporting race discrimination and for his protected whistleblowing activities.

29. Plaintiff has retained the undersigned to represent his interests in this cause and is obligated to pay a fee for these services. Defendant should be made to pay said fee under the laws referenced above.

## COUNT I
## RACE DISCRIMINATION

30. Paragraphs 1 through 29 are realleged and incorporated herein by reference.

31. This is an action against Defendant for discrimination based upon race brought under Chapter 760, Florida Statutes.

29. Plaintiff has been the victim of discrimination on the basis of Plaintiff's race in that Plaintiff was treated differently than similarly situated employees of Defendants who are

white and has been subject to hostility and poor treatment on the basis, at least in part, of Plaintiff's race.

30. Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff. Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

31. Defendant's known allowance and ratification of these actions and inactions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

32. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a race-based nature and in violation of the laws set forth herein.

33. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant. The events set forth herein lead, at least in part, to Plaintiff's termination on contrived allegations.

34. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon race in violation of Chapter 760, Florida Statutes.

35. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These

damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive/equitable relief and punitive damages.

## COUNT II
## RETALIATION – Chapter 760

32. Paragraphs 1 through 29 are realleged and incorporated herein by reference.

33. Defendant is an employer as that term is used under the applicable statutes referenced above.

34. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported or opposed unlawful employment practices adversely affecting him under Chapter 760, Florida Statutes.

35. The foregoing unlawful actions by Defendant were purposeful.

36. Plaintiff voiced opposition to unlawful employment practices during his employment with Defendant and was the victim of retaliation thereafter, as related in part above.

37. Plaintiff is a member of a protected class because he reported unlawful employment practices and was the victim of retaliation thereafter. There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

38. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages. These damages are continuing and are permanent. Plaintiff is entitled to punitive damages and to injunctive relief.

## COUNT III
## PRIVATE WHISTLEBLOWER RETALIATION

39. Paragraphs 1 through 29 are incorporated herein by reference.

8

40. This is an action brought under §448.101, et seq., Florida Statutes.

41. As set forth in greater detail above, during the course of Plaintiff's employment, Plaintiff objected to certain practices of Defendant that were in actual or suspected violation of state and/or federal laws.

42. As a result of Plaintiff' objections, he was fired and suffered other adverse job actions.

43. Plaintiff was terminated because he engaged in protected behavior. Specifically, Plaintiff objected to, or refused to participate in, any activity, policy, or practice of Defendant which is in actual or suspected violation of a law, rule, or regulation and/or reported the violation and gave Defendant an opportunity to correct the problem. Instead of correcting the problem, it got worse and Plaintiff was fired for said reporting.

44. The disclosures made by Plaintiff are protected under §448.102, Florida Statutes.

45. As a direct and proximate cause of Plaintiff's participation in the Whistle Blowing activities identified herein, Plaintiff has been damaged, which damages include but are not limited to lost wages and other tangible and intangible damages and every other kind of damage allowed by law. Plaintiff has also suffered emotional pain and suffering damages and other intangible damages that continue today.

46. Plaintiff is entitled to injunctive/equitable relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c) enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d) enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e) enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f) award Plaintiff interest where appropriate; and

(g) grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 24th day of November 2020.

>Respectfully submitted,
>
>/s/ Marie A. Mattox
>Marie A. Mattox [FBN 0739685]
>MARIE A. MATTOX, P. A.
>203 North Gadsden Street
>Tallahassee, FL 32303
>Telephone:  (850) 383-4800
>Facsimile:   (850) 383-4801
>Marie@mattoxlaw.com
>Secondary emails:
>marlene@mattoxlaw.com
>michelle@mattoxlaw.com
>ATTORNEYS FOR PLAINTIFF

10

|                                       |                                                                                                  |
|---------------------------------------|--------------------------------------------------------------------------------------------------|
|                                       | IIN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT, IN AND FOR GADSDEN COUNTY, FLORIDA |

**CASEY FRAZIER,**

      Plaintiff,

v.

**PONDSCO FACILITY SERVICES, LLC. f/k/a XENOCOM FACILITY MANAGEMENT, LLC.,**

      Defendant.

_____/

CASE NO.:  20-CA-
FLA BAR NO.: 0739685

THE STATE OF FLORIDA:

To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

**PONDSCO FACILITY SERVICES, LLC. f/k/a XENOCOM FACILITY MANAGEMENT, LLC
C/O C T CORPORATION SYSTEM – REGISTERED AGENT
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FL 3332**

    Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **203 North Gadsden Street, Tallahassee, FL 32301**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter.  If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

    DATED on _____, 2020.

                                      CLERK OF THE CIRCUIT COURT

                                      By:_____

IIN THE CIRCUIT COURT OF THE
FIRST JUDICIAL CIRCUIT, IN AND
FOR GADSDEN COUNTY, FLORIDA

**CASEY FRAZIER,**

CASE NO.: 20 000835CAA
FLA BAR NO.: 0739685

    Plaintiff,

v.

**PONDSCO FACILITY SERVICES, LLC. f/k/a
XENOCOM FACILITY MANAGEMENT, LLC.,**

    Defendant.

_____/

THE STATE OF FLORIDA:

To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

**PONDSCO FACILITY SERVICES, LLC. f/k/a XENOCOM FACILITY
MANAGEMENT, LLC
C/O C T CORPORATION SYSTEM – REGISTERED AGENT
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FL 3332**

    Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **203 North Gadsden Street, Tallahassee, FL 32301**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on November 25, 2020

NICHOLAS THOMAS
CLERK OF THE CIRCUIT COURT

By: _____

-- Honorable NICHOLAS THOMAS --
-- Clerk Of Court --
-- GADSDEN --

**Date: 11/25/2020**  **Time: 10:07AM**
**Location: C**  **Term: d1qn2xr1**

Transaction Number: 202008424

Receipt Number: 202008424

Cust:  MARIE A. MATTOX

**20000835CAA No: 001**

| CIRCUIT CIVIL SUMMONS | 10.00 |
| Civil Filing Fees | 400.00 |
| **Total ....** | $410.00 |
| BALANCE ON 11/25/2020 | $0.00 |
| **Amount Paid....** | 410.00 |
| **Electronic Check 29707369** | 410.00 |
| **Amount Tendered** | $410.00 |

Un-Official

CASE #20000835CAA

11/30/2020

PLAINTIFF
**CASEY FRAZIER**
VS
DEFENDANT
**PONDSCO FACILITY SERVICES, LLC. F/K/A XENOCOM FACILITY MANAGEMENT, LLC**

ATTORNEY: MARIE A. MATTOX
FIRM: MARIE A. MATTOX, P.A.

TO: PONDSCO FACILITY SERVICES, LLC. F/K/A XENOCOM FACILITY MANAGEMENT, LLC
C/O CT CORPORATION SYSTEM
1200 SOUTH PINE ISLAND ROAD
PLANTATION FL 33324

We, received this: **SUMMONS / COMPLAINT** On: **11/30/2020** At: **7:13 AM**

This process was served to the above named Corporation/Sole Proprietorship or Individual named, by delivering a true copy of the: **SUMMONS / COMPLAINT**

Type of service is: **CORPORATE**
Accepted By: **CT CORPORATION SYSTEM (CONTACT DONNA MOCH)** Title: **MANAGER**
On: **11/30/2020** At: **2:10 PM**
Comments:

Affiant states upon information and belief that said person is not in the Military Service of the United States as the term defined in either the state or Federal Statues.

I certify that I am of legal age, I have no interest in the above action and I am authorized to serve this process. FS 92.525. Under penalties of perjury, I declare that I have read the forgoing (Document) and that the facts in it are true.

MARLON MCKIE
SPECIAL PROCESS SERVER # 1369
BROWARD COUNTY, FLORIDA

PROCESS AND RECOVERY SERVICES, INC.
3603 MONMOUTH CT.
TALLAHASSEE FL 32308

Our Control # **22409**